

U.S. Department

United States
Southern Di

86 Chambers Stree
New York, New Yo

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/27/2021__

October 25, 2021

<u>VIA ECF and E-MAIL</u>
Hon. Analisa Torres
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

    Re:    *Regent v. Jaddou, et al.*, No. 21 Civ. 7185 (AT)

Dear Judge Torres:

    This Office represents the government in this action in which the plaintiff seeks an order compelling U.S. Citizenship and Immigration Services ("USCIS") to adjudicate her Application for a Travel Document (Form I-131) and Application for Employment Authorization (Form I-765), and schedule an interview regarding her Application to Register Permanent Residence or Adjust Status (Form I-485).[1]  The government's response to the complaint is due December 1, 2021, and the Court has ordered the parties to submit a jointly proposed Case Management Plan and Scheduling Order by today.  *See* ECF No. 11.  I write with the plaintiff's consent to respectfully request that the Court stay this case because statutory authorization related to the EB-5 Immigrant Investor Regional Center Program, which is the basis for the plaintiff's I-485 application, has lapsed but may be renewed by Congress in the coming months.

    By way of background, in 1990, Congress amended the Immigration and Nationality Act ("INA") to provide for classification of "employment creation" immigrants who invest lawfully acquired capital in new commercial enterprises in the United States that create full-time employment for United States workers.  *See* Immigration Act of 1990, Pub. L. No. 101-649, § 121(a) (Nov. 29, 1990) (codified at 8 U.S.C. § 1153(b)(5)).  This classification is also known as the EB-5 classification.  *See generally* 8 C.F.R. § 204.6.  An investor applies for EB-5 visa classification through filing a Form I-526 with USCIS.  *See, e.g.*, *Lin Liu v. Smith*, No. 19 Civ. 10784 (JGK), 2021 WL 232890, at *1 (S.D.N.Y. Jan. 25, 2021).

    EB-5 investors have two options for structuring their investment to meet the criterion of job creation: direct or indirect job creation.  The "Direct" EB-5 petition requires the creation of jobs through demonstrating the hiring of direct "new commercial enterprise" employees; that is,

---

[1] The Form I-131 and Form I-765, which are applications for what are known as "interim benefits" during the pendency of a Form I-485, were approved earlier today and so are no longer at issue in this case.  The parties respectfully request that the Court accept this letter-motion for a stay in lieu of their jointly proposed Case Management Plan and Scheduling Order and that it also excuse the lateness of this request, which is due to today's issuance of I-131 and I-765 approval notices.

W-2 employees working at least 35 hours per week. This is a permanent part of the Immigration and Nationality Act. Under the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act, Congress created the "Immigrant Investor Pilot Program" in 1992 to stimulate investment in business opportunities in certain entities known as "Regional Centers." This later became known as the Regional Center Program and is subject to reauthorization by Congress. Investment in a designated Regional Center allows an immigrant investor to fulfill the requirement of job creation by way of presumed indirect hires based on the application of an economic formula. *See* 8 C.F.R. § 204.6(m)(7).

The plaintiff's Form I-526 petition was based on investment under the Regional Center Program. An individual with an approved Form I-526 petition may file a Form I-485 to apply for permanent resident status. Since the filing of the plaintiff's complaint, Congress has not extended the statutory authorization related to the Regional Center Program, which expired on June 30, 2021. *See* Section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L. No. 102-395, 106 Stat. 1828 (1992), as amended; Div. O, Title I, Sec. 104 of the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260 (2020).

In the past, the statutory authority related to the Regional Center Program has lapsed and later been renewed by Congress. As USCIS has done in similar instances, and in light of possible statutory reauthorization, in general, USCIS is currently holding Regional Center Forms I-526 filed on or before June 30, 2021, as well as Forms I-485 that are based on such Forms I-526. To allow additional time for Congress to take action on renewing the Regional Center Program's statutory authorization, the government requests that this case be stayed until thirty days after Congress enacts reauthorization legislation or until an application by either side to lift the stay is granted by the Court. No later than thirty days after such congressional action, the parties will confer and will file a joint status letter regarding proposed next steps in this litigation.

This is the first request to stay this action. The plaintiff consents to this request.

I thank the Court for its consideration of this request.

GRANTED. This case shall be stayed until thirty days after Congress reauthorizes the Regional Center Program or until an application by either party to lift the stay is granted by the Court. The parties shall file a status letter by **January 25, 2022**, and every ninty-days thereafter.

SO ORDERED,

Dated: October 27, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge